EFFIE REED BUCKNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84170. Promulgated November 4, 1941.

*W. B. Harrell, Esq.*, and *Russell Allen, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

## OPINION.

DISNEY: The first contention of the petitioner, all others being in the alternative, is that since the estate of her deceased husband was in the process of administration throughout the taxable year, she is liable to report as income to her only $686.43; i. e., so much of the income of the estate as was actually paid or properly credited to her as beneficiary. The effect of the petitioner's contention is that the executor, not the trust, was a member of the partnership during the taxable year and accordingly the partnership earnings were distributable and taxable to the executor, not the trustee, and therefore that only $686.43, the amount actually distributed to her, is properly to be included in her income. She cites *Garrett J. Donnelly et al., Executors*, 31 B. T. A. 577, as controlling. That case did not involve a trust or partnership. The question was whether certain dividends were taxable to the petitioner as executor of the estate of her deceased husband or to her personally as sole beneficiary of the estate. Here the will of the decedent clearly bequeathed his interest in the partnership to Willis R. Dearing *in trust*, with petitioner as sole beneficiary of the trust. No provision was made in the will for the payment of income of the estate of the decedent to petitioner.

Notwithstanding the contention being made, the petitioner does not specifically deny that the trust was in existence in 1932. The record not only does not contradict the existence of a trust during the taxable year, but contains evidence indicating that the trust was a member of the partnership during that period. In his determination

of the deficiency the respondent found that the partnership had net income distributable to the trust estate, of which petitioner was sole beneficiary. The petition does not allege that the executor was a partner or deny that the trust was not a member of the firm. On the contrary, it contains allegations that Willis R. Dearing was made trustee by the will of petitioner's husband; that he "as trustee" denied that anything was due to her; that she claimed that she was entitled under the will "to receive from the said Willis R. Dearing as Trustee" certain sums, which he "as Trustee" disputed, and that she had instituted action to recover "proceeds of said trust estate due her." The petition assumes the reality of the trust. The stipulation of facts contains a statement that a certain amount was paid or credited to the petitioner in 1932 "either by the executor, the trustee or the partnership" and that "No fiduciary return was filed for the year 1932, either for the estate or the trust." These statements are at least some indication that the trust was being administered during the taxable year.

It is obvious that the petitioner long took the view and in this matter has not abandoned the view that Willis R. Dearing was trustee for her benefit under the provisions of her husband's will; and the respondent determined the deficiency on the theory that there was income in the taxable year from partnership to trust, and therefore liability to tax on the petitioner's part as beneficiary of the trust, under section 162 (b), Revenue Act of 1932,[1] regardless of the fact that there was no receipt of income by the petitioner (with the exception of $686.43). Does the petitioner show error on the part of the respondent? If in fact and contrary to the petitioner's view in the litigation instituted by her, the estate of Roy E. Dearing, and not the trust estate provided for in the will, was the owner of the partnership interest, then it would follow that under section 162 (c), Revenue Act of 1932,[2] the petitioner, not having received the amounts

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed, in the same manner and on the same basis as in the case of an individual, except that—

* * * * * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

[2](c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

involved in this proceeding, would not be subject to tax thereon. The question is therefore one of fact. The trust estate, in our opinion, could have been set up and could have coexisted with the administration of the estate of Roy E. Dearing. That the estate was in process of administration is demonstrated by the various activities of the executor during the taxable year. Had the trust provided by the husband's will also come into being, so that it was one of the partners of R. H. Dearing & Sons, subject to tax upon its portion of partnership earnings, and was the petitioner the beneficiary of such trust during the taxable year? Though the will provided for a trust, it did not arise automatically upon the death of the deceased and the estate of Roy E. Dearing included the property, to wit, the interest in the partnership which the testator intended should constitute the corpus of the trust. Such property, like all other parts of the estate, was subject to administration and to the payment of the debts of the deceased. That the interest in the partnership was considered in the first instance a part of the general estate of Roy E. Dearing is shown by its inclusion in both the inventory and appraisement and the affidavit for inheritance tax appraisement. Therefore only when distributed to the trustee did the interest in the partnership become trust corpus. The respondent having treated it as trust corpus, plainly the burden is upon the petitioner to show otherwise; but we think that this showing has been made. Upon examination of the entire record, we are of the opinion and find that, although throughout her litigation with Willis R. Dearing petitioner charged and considered that the trust had come into existence, it had not in fact done so during the taxable year.

There is no definite evidence that a distribution by the estate to the trustee had not been made, yet we think that fact is plainly and sufficiently indicated, both by the fact that in the litigation against Willis R. Dearing the petitioner did not allege a distribution by the estate to the trustee, but instead alleged an *assumption* by Willis R. Dearing of the duties of trustee; and, second, by the facts involved in litigation instituted by Willis R. Dearing, in suing on September 9, 1933, to collect a note belonging to the partnership. Therein he sued not as trustee, but as independent executor of the estate of Roy E. Dearing, and alleged the existence of the partnership and that he, as independent executor of the estate of Roy E. Dearing, and the executors of the estate of R. H. Dearing conducted the partnership and were the owners and holders of the indebtedness sued on. He further alleged that corporate stock pledged with the note sued on stood in the name of the individual partners by and on behalf of the partnership. Judgment was sought on the note and foreclosure of the pledge, and in accordance with the prayer judgment was rendered by the court in which it was specifically found that the partner-

ship known as R. H. Dearing & Sons consisted of the estates of Roy E. Dearing and R. H. Dearing, and Willis R. Dearing individually. It thus appears that it was considered necessary, in order that judgment might be obtained upon the note belonging to the partnership, for the executor to institute action. We recognize that there is not the same necessity for formality in distribution between an executor, particularly an independent executor, and a testamentary trust estate of which the trustee is the same as the executor, as there is where one person is not both independent executor and trustee. *Carleton* v. *Goebler*, 58 S. W. 829; 24 C. J. 471; *Williams* v. *Cobb*, 219 Fed. 663; *Estate of Lucile Gray*, 42 B. T. A. 1279. Nevertheless, we conclude from all the facts here that there had been at the end of the taxable year no distribution from the estate to the trust. Although the petitioner in the litigation above mentioned after the taxable year took the view that Willis R. Dearing was trustee and sought an accounting from him as such, we find in the present matter neither facts nor pleading to justify any idea that she is estopped from contending that the estate during the taxable year was in process of administration and that partnership income was receivable by her through and from the executor. We conclude and hold, therefore, that section 162 (c) of the Revenue Act of 1932 applies and that the respondent erred in including in petitioner's income that portion of the income of the partnership not received by her. In view of this conclusion, it is unnecessary to discuss the other contentions advanced by the petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*